UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSE ALVIZURES LOPEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:26-cv-00030-MPB-MKK |
| | ) |
| BRISON SWEARINGEN, | ) |
| FIELD OFFICE DIRECTOR, | ) |
| TODD M. LYONS, | ) |
| KRISTI NOEM, | ) |
| PAMELA JO BONDI, | ) |
| | ) |
| Respondents. | ) |

**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

Jose Alvizures-Lopez seeks a writ of habeas corpus requiring that he be released from U.S. Immigration and Customs Enforcement ("ICE") detention. Dkt. 1 at 17. Because the undisputed facts demonstrate that Mr. Alvizures-Lopez is eligible for bond, the Court **GRANTS** his petition to the extent that Respondents must either: (1) afford Mr. Alvizures-Lopez an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations within **seven days** of this Order; or (2) release Mr. Alvizures-Lopez from custody, under reasonable conditions of supervision. The petition is **DENIED** to the extent it seeks an order that Mr. Alvizures-Lopez be immediately released.

I.  **Background**

The material facts are undisputed.

Mr. Alvizures-Lopez is a citizen of Guatemala, who entered the United States without being admitted or paroled around four years ago. Dkt. 1 ¶ 1. On November 19, 2025, the Indiana State Police arrested Mr. Alvizures-Lopez and transported him to the ICE Office in Indianapolis,

1

Indiana. Dkt. 8-1 at 2 (ERO Narrative). An ICE officer then served Mr. Alvizures-Lopez with a Warrant for Arrest of Alien (Form I-200) and took him into custody pursuant to 8 U.S.C. § 1226. Dkt. 8-2 at 6 (Warrant for Arrest of Alien). The Department of Homeland Security ("DHS") subsequently issued Mr. Alvizures-Lopez a Notice to Appear, initiating removal proceedings under 8 U.S.C. § 1229a. *Id.* at 1–2 (Notice to Appear). The "arriving alien" box is unmarked. *Id.* At some point, Mr. Alvizures-Lopez was transferred to Clay County Jail in Brazil, Indiana, where he remains detained.

On December 8, 2025, an immigration judge denied Mr. Alvizures-Lopez's request for a custody redetermination hearing pursuant to 8 C.F.R. § 1236. Dkt. 1-3. The immigration judge stated that he "lack[s] authority to hear bond requests or to grant bond to aliens who are present in the United States without admission. *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025)." *Id.*

On January 15, 2026, Mr. Alvizures-Lopez filed this habeas petition, challenging his current detention in Clay County Jail.

## II.  Discussion

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Mr. Alvizures-Lopez claims that his current detention violates: 8 U.S.C. § 1226(a) (§ 236 of the Immigration and Nationality Act ("INA")) and its pertinent regulations (Counts I and II); and the Fifth Amendment of the U.S. Constitution (Count III). Dkt. 1 ¶¶ 59–75. Respondents argue that Mr. Alvizures-Lopez's petition is premature; that he is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2)(A); that, in the alternative, he is lawfully detained pursuant to 8 U.S.C. § 1226(a); and that his detention is constitutional. Dkt. 8.

2

The Court finds that Mr. Alvizures-Lopez's detention is unlawful because respondents are detaining him under § 1225, which does not apply, and have not given him a bond hearing as required under § 1226(a) and its regulations. Because Mr. Alvizures-Lopez is entitled to habeas corpus relief on these grounds, the Court does not address the constitutional arguments.

### A. Exhaustion

Respondents argue that Mr. Alvizures-Lopez's petition is premature because he has not appealed the immigration judge's decision to deny him a bond hearing. Dkt. 8 at 6. Mr. Alvizures-Lopez argues that it is futile to appeal the immigration judge's decision to the Bureau of Immigration Affairs ("BIA") because the BIA has already directly addressed the issue of his statutory qualification for bond in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). Dkt. 1 ¶ 16. Furthermore, as recently as January 13, 2026, the Chief Immigration Judge, Teresa L. Riley, issued nationwide guidance instructing all immigration judges to continue to follow *Yajure Hurtado*. Dkt. 12 at 4.

Respondents do not cite a statute requiring Mr. Alvizures-Lopez to request a bond hearing before seeking habeas relief. In the absence of a statutory mandate, the Seventh Circuit holds that "sound judicial discretion governs" whether courts should require exhaustion. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). In similar circumstances, other district courts determined that the petitioner was not required to exhaust administrative remedies by appealing the jurisdictional denial of a bond hearing because doing so would be futile given *Matter of Yajure Hurtado's* holding, which is binding on immigration judges. *Valencia v. Noem*, No. 25-CV-12829, 2025 WL 3042520, at *2 (N.D. Ill. Oct. 31, 2025) ("Requiring Petitioner to exhaust his administrative remedies would be futile because Respondents' position is that he is statutorily precluded from obtaining the relief he seeks. The Court declines to require exhaustion because

3

[t]here is nothing to indicate the BIA would change its position [once] the BIA has predetermined the statutory issue.") (internal quotes and citations omitted); *see also Ceballos Ortiz v. Olson, et al.*, 2:25-cv-00548-MPB-MJD, dkt. 18 at 2-3, 6-9 (S.D. Ind. Nov. 19, 2025) (finding exhaustion would be futile, proceeding to merits, and ordering that petitioner be provided a bond hearing). The Court finds the reasoning applied in these cases persuasive and concludes that Mr. Alvizures-Lopez was not required to exhaust administrative remedies by appealing the immigration judge's decision to the BIA because doing so would be futile.

### B.  8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States .... [T]he Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond . . . ; or

(B) conditional parole . . . .

4

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether

5

or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

### C. Mr. Alvizures-Lopez's Detention Does Not Fall Under 8 U.S.C. § 1225(b)(2)(A)

Respondents argue that Mr. Alvizures-Lopez is subject to the broader "catchall provision" in § 1225(b)(2) because he is an "applicant for admission" according to § 1225(a)(1), who is not covered by the narrower provisions for "arriving aliens" in § 1225(b)(1), and who is "not clearly and beyond doubt entitled to be admitted." Dkt. 8 at 9–10.

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Alvizures-Lopez who have lived in the interior of the United States for years. *Guevara Guevara v. Swearingen, et al.*, No. 2:25-cv-00595, dkt. 12 at 7–10 (S.D. Ind. Dec. 16, 2025); *Ortega-Rangel v. Crowley, et al*, 2:25-cv-00562-MPB-MJD, dkt. 17 at 6–11 (S.D. Ind. Nov. 25, 2025); *see also Corzo Martinez v. Olson et al.*, No. 2:26-cv-00003-JPH-MKK, Dkt. 13 (S.D. Ind. January 10, 2026). As the Court previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *See id*.; *see also Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–61 (7th Cir. Dec. 11, 2025) ("The question is whether § 1225(b)(2)(A) covers any noncitizen who is unlawfully already in the United States as well as those who present themselves at its borders. . . . Based upon the text and structure of the two provisions, we believe that Plaintiffs have the better argument on the current

6

record.").[1] Respondents have cited no binding precedent to the contrary. The Court has previously found that the few district court decisions adopting the Respondents' interpretation of § 1225(b)(2)(A) were distinguishable or otherwise unpersuasive.[2] *See, e.g. Jimenez Reyes v. Olson, et al.*, Case No. 2:25-cv-00622-JRS-MG.

Even if Respondents' legal reasoning was more persuasive, it could not be reconciled with the government's treatment of Mr. Alvizures-Lopez in this case. ICE agents arrested Mr. Alvizures-Lopez pursuant to a Form I-200 administrative warrant issued by DHS, which explicitly authorized the federal agent to take him into custody under § 1226. Dkt. 8-2. Indeed, the explicit text of § 1226(a) authorizes arrest and detention "on a warrant issued by the Attorney General." Section 1225 does not say anything about warrants; it instead mandates detention upon inspection. Thus. the government acted under § 1226 when it took Mr. Alvizures-Lopez into custody. It cannot now maintain that he is subject to § 1225(b)(2)(A) and therefore categorically ineligible for discretionary release. *Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029524, at *6

---

[1] The Court cites *Castañon-Nava* as persuasive precedent. *See Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' — F.4th —, 2025 WL 3552514, at *8. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

[2] Respondents offer a passing reference to *Cruz Rodriguez v. Olson*, No. 1:25-cv-12961, 2025 WL 3672856 (N.D. Ill. Dec. 17, 2025), withdrawn & superseded, 2026 WL 63613 (N.D. Ill. Jan. 8, 2026) as well as *Rojas v. Olson*, No. 25-cv-1437-bhl, 2025 WL 3033967 (E.D. Wis. Oct. 30, 2025), which are both from within the Seventh Circuit. Both decisions offer thorough and thoughtful analyses of §§ 1225 and 1226. *Cruz Rodriguez* concludes that *both* provisions apply to certain aliens apprehended inside the United States. *See* 2025 WL 3672856, at *7 ("Sections 1225(b)(2) and 1226 have different, but overlapping, scopes."). *Rojas* generally concludes that the fact that all unadmitted aliens fit into the definition of "applicant for admission" in § 1225(a)(1) makes it so that the most natural reading of the statute includes all applicants for admission, no matter where or when they are arrested. *See* 2025 WL 3033967, at * 7–8. This Court finds the logic underlying both decisions problematic for reasons expressed in previous decisions and discussed further below.

7

(S.D. Ind. Oct. 30, 2025) (citing *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025); *Valencia Zapata v. Kaiser*, No. 25-CV-07492-RFL, 2025 WL 2741654, at *9 (N.D. Cal. Sept. 26, 2025) ("[T]he government cannot switch tracks and subject Petitioners to mandatory detention under section 1225(b)(2) when the government has instead placed Petitioners in removal proceedings under section 1229a and released them on their own recognizance under section 1226(a).").

As courts within this district have previously reasoned, mandatory detention and discretionary release are mutually exclusive concepts. An alien cannot be subject both to mandatory detention under § 1225(b)(2)(A) and eligible for discretionary release under § 1226(a)(2); the provisions can only exist harmoniously if they apply to separate classes of aliens. *See Singh*, 2025 WL 3029524, at *6. Furthermore, the fact that these two classes of noncitizens would be treated differently makes sense within broader immigration law. As the Seventh Circuit explained, "the difference in treatment between a noncitizen at the border and one already in the United States fits within the broader context of our immigration law. Indeed, '[t]he distinction between an alien who has effected an entry into the United States and one who has never entered runs throughout immigration law.'" *Castañon-Nava*, 161 F.th at 1061 (quoting *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001)); *see also Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958). ("[O]ur immigration laws have long made a distinction between those aliens who have come to our shores seeking admission ... and those who are within the United States after an entry, irrespective of its legality.").

The Court concludes that Mr. Alvizures-Lopez's detention is governed by § 1226(a), and it declines to reach his other arguments.[3]

---

[3] The Court incorporates by reference its more fulsome statutory interpretation of 8 U.S.C. §§ 1226 and 1225 and corresponding analysis of the circumstances to which those statutes apply as set forth in *Guevara*

### D. Opportunity for Bond Hearing

In the alternative, Respondents argue that Mr. Alvizures-Lopez is being lawfully detained under § 1226a "because he has had the opportunity to receive a hearing before an Immigration Judge." Dkt. 8 at 13. Respondents therefore argue that this Court does not have jurisdiction over this matter due to § 1226(e), which states:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

*Id.* (quoting 8 U.S.C. § 1226(e)).

Section 1226(e) precludes review of the "Attorney General's discretionary judgment regarding the application of" § 1226 to detain an alien or revoke or deny bond or parole. Here, the immigration judge's order did not "detain" Mr. Alvizures-Lopez because he was already being detained. It also did not "revoke," or "deny" bond or parole. Instead, it stated that the immigration judge lacked the authority to make this discretionary judgment because of *Matter of Yajure Hurtado*. *See* dkt. 1-3. Section 1226(e) might preclude this Court's intervention if Mr. Alvizures-Lopez requested bond, an immigration judge considered his request on the merits and denied it, and he petitioned this Court for a different result. But there is no record that an immigration judge has made this kind of determination. The government has not made a discretionary decision to detain Mr. Alvizures-Lopez without bond and thus, § 1226(e) does not apply to this case.

### III. Scope of Relief

Mr. Alvizures-Lopez is entitled to habeas relief because his continued detention without a bond hearing violates ". . . the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The

---

*Guevara v. Swearingen, et al.*, No. 2:25-cv-00595, dkt. 12 at 7–10 (S.D. Ind. Dec. 16, 2025) and *Ortega-Rangel v. Crowley, et al*, 2:25-cv-00562-MPB-MJD, dkt. 17 at 6–11 (S.D. Ind. Nov. 25, 2025).

9

remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Alvizures-Lopez requests immediate release from custody. Dkt. 1 at 17; dkt. 12 at 8–11. Respondents argue that, in the event the Court grants the petition, "the proper remedy would be to order an individualized bond hearing when the Petitioner receives his next immigration hearing." Dkt. 8 at 4.

Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thursaissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Mr. Alvizures-Lopez's immediate release. Mr. Alvizures-Lopez argues that the current political environment makes it so that he will not receive a neutral bond hearing. Dkt. 12 at 8–11. The Court, however, cannot base habeas relief on speculations about how an immigration judge might act. Whether viewed through the scope of § 1226 or the Fifth Amendment, the appropriate relief for Mr. Alvizures-Lopez is a bond hearing—not immediate release. He maintains—and the Court agrees—that he is subject to § 1226(a), which allows the government to "continue to detain" him. 8 U.S.C. § 1226(a)(1). Mr. Alvizures-Lopez's custody is not unlawful because of the very fact that he is detained. Rather, his custody is unlawful only to the extent the government refuses to consider whether he may be released as the law and its pertinent regulations require.

## IV. Conclusion

The petition for a writ of habeas corpus is **granted** insofar as the Respondents will have **seven days** to certify that Mr. Alvizures-Lopez has (1) appeared for a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a) and pertinent regulations, or (2) been

released from detention. The petition is **denied** to the extent it seeks an order that Mr. Alvizures-Lopez be immediately released. The **clerk is directed** to enter final judgment.

   **IT IS SO ORDERED.**

Dated: January 28, 2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

Rachel Dever
Church Church Hittle and Antrim
rdever@cchalaw.com

Nora Unverzagt Galindo
nunverzagt@alumni.iu.edu

Liberty L. Roberts
CHURCH CHURCH HITTLE & ANTRIM (Noblesville)
lroberts@cchalaw.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov